JOHN CARR et al., Appellants, v. GILBERT THOMPSON, Respondent.

The provision of the Code of Civil Procedure (§ 382, sub. 5) limiting the time for the commencement of "an action to procure a judgment other than for a sum of money, on the ground of fraud," includes all cases formerly cognizable by the Court of Chancery, whether its jurisdiction therein was exclusive or concurrent with that of courts of law, in which any remedy or relief is sought for aside from or in addition to a mere money judgment, and which a court of law could not give, although as part of the relief sought a money judgment is also demanded.

It, therefore, includes a case where an accounting is sought for in addition to and as a means of reaching a judgment for money.

Plaintiffs' complaint alleged in substance that defendant was employed as their agent, for a commission agreed upon, to purchase for them what were known as "city horns;" that he acted in that capacity for a series of years, receiving moneys from plaintiffs and rendering accounts at stated intervals which he represented to be correct, and which were settled in reliance upon such statements; that such accounts were, in fact, false and fictitious, and by means thereof defendant, "intending to cheat and defraud plaintiffs, obtained from them and fraudulently converted to his own use upwards of $11,000." The relief prayed for was that defendant render an account and pay over the amount found due. *Held,* that the action was one "to procure a judgment other than for a sum of money" within the meaning of said provision, but that it was not "to procure a judgment * * * on the ground of fraud;" that the *gravamen* of the action was a breach of contract, *i. e.,* a failure of the agent to properly perform his duty of accounting justly and honestly to his principal; that the fraud was not material to the cause of action, but only as a necessary fact to open the closed accounts, and to prevent them from being a conclusive defense; and that, therefore, the case did not come within the clause of said provision declaring that in the cases specified the cause of action should not be "deemed to have accrued until the discovery * * * * of the facts constituting the fraud;" but that the statute began to run from the time of the incurring of the obligation; *i. e.,* from the time of the misappropriation by defendant of the money of his principals, or the obtaining from them of money to which he was not entitled.

Plaintiff claimed that the agency was continuous, and as defendant was a foreign factor a demand was necessary to the accruing of the cause of action, and so that the statute of limitations did not begin to run until demand. The court found that the employment was always for a single year, and at the end of each year was renewed for the succeeding year. *Held,* that a demand was unnecessary.

(Argued October 21, 1881; decided December 13, 1881.)

APPEAL from order of the General Term of the Court of Common Pleas, in and for the city and county of New York, made June 7, 1880, upon a motion for a new trial, made pursuant to section 1001 of the Code of Civil Procedure, upon defendant's exception, after entry of interlocutory judgment.

The motion was granted unless plaintiffs stipulate to modify their interlocutory judgment so as to limit the accounting between the parties directed by it, to transactions occurring within six years.

*W. I. Butler* for appellants. This is not an action at law, but is one for an accounting, and can only be properly disposed of by a court of equity. (New Code, § 1241, Throop's note; 2 Wait's Pr. 132, 133; *Barnes* v. *Buck,* 1 Lans. 268; *Guillion* v. *Lindo,* 9 Bosw. 601; *Carson* v. *Ball,* 47 Barb. 452.) The agency in this case was a continuing agency. (Ang. on Lim. [6th ed.] 184 and note.) Defendant is in equity estopped from pleading the statute of limitations by his fraudulent acts and by his answer repudiating the agency. (Story's Eq. Jur., § 1521; Ang. on Lim., §§ 30, 183, 184, note 2, 185, 186; *Davy* v. *Field,* 1 Abb. App. Dec. 490.) A demand was necessary before suit. (Ang. on Lim., §§ 115, 179, 182, note; Code, § 410 and note.) A foreign factor is always entitled to a demand. (*Walder* v. *Crafts,* 4 E. D. S. 490; *Baid* v. *Walker,* 12 Barb. 208; *Downs* v. *Phœnix Bk.,* 6 Hill, 297; *Payne* v. *Gardiner,* 29 N. Y. 146; *Murray* v. *Coster,* 20 Johns. 576; *Hoffman* v. *Van Nostrand,* 42 Barb. 174.) In a case of an express and acknowledged trust the statute of limitations does not run against a *cestui que trust* attempting to call the trustee to account. (*Kane* v. *Bloodgood,* 7 Johns. Ch. 89; 8 Cow. 360; *Robison* v. *Robison,* 5 Lans. 165; *Murray* v. *Coster,* 20 Johns. 585; *Miner* v. *Beekman,* 50 N. Y. 337; *Hubbell* v. *Sibley,* id. 469; Code of Pro., § 73; Code of Civ. Pro., §§ 388, 484, sub. 2.) As defendant's conduct was designedly dishonest, and he had the continuous use of the money of these firms, which he received from them and did not pay out for their account, he should be charged with com-

pound interest. (1 Story's Eq. Jur. [Redf. ed.], § 465; 2 id., § 1016, a; 40 N. Y. 76; 2 Hun, 526; 45 Barb. 191; 1 Edw. Ch. 128; 1 Johns. Ch. 260.)

*Homer A. Nelson* for respondent. All causes of action which accrued more than six years before this action was commenced are barred by the statute of limitations. (New Code, §§ 380, 382; Old Code, § 91; 1 Wait's Pr. 53; *Foot* v. *Farrington*, 41 N. Y. 164; *Mayne* v. *Griswold*, 3 Sandf. 463; 9 N. Y. Leg. Obs. 25; *Murray* v. *Coster*, 20 Johns.; *Hickok* v. *Hickok*, 13 Barb. 632; *Loder* v. *Hatfield*, 71 N. Y. 92.)

FINCH, J. The substantial allegations of the complaint in this action are, that the defendant was employed as agent, and for a commission agreed to be paid him, in the purchase, for plaintiffs, of what were known as " city horns;" that through a series of years he acted in that capacity, receiving from the plaintiffs, and paying out on their account large sums of money; that at stated intervals, during the successive years, he rendered an account which he represented to be correct and just, and which was settled in reliance upon such assurance; that as matter of fact, these accounts were false and fictitious, and by means thereof, the defendant, intending to cheat and defraud the plaintiffs, obtained from them and fraudulently converted to his own use upwards of $11,000, properly belonging to his principals. There is not the least doubt that these allegations constituted a good cause of action at law. Upon them, a money judgment for the damages actually sustained could have been properly demanded; the accounts in no manner barred the remedy; the allegation of their fraudulent and fictitious character, sustained by proof, would have prevented them from being an obstacle. If they had been pleaded as accounts stated, their existence would have thrown upon the plaintiffs the burden of proving their false and fraudulent character, but affected them in no other way; the remedy at law was perfect and complete. It is equally true that there was

concurrent jurisdiction of this cause of action in equity. What-
ever may have been its origin, whether founded upon the ne-
cessity of a discovery, or also upon the idea that complicated
accounts could be with difficulty unraveled in a court of law,
the jurisdiction of equity over actions of account is well settled.
The case presented by the plaintiffs was, therefore, not one
which was *solely* cognizable in equity before the Court of
Chancery was abolished. If, then, the important question in
the case, as to what provision of the statute of limitations is
applicable to the plaintiffs' cause of action, was to be deter-
mined by the provisions of the Old Code, it would not fall
within the terms of section 91, and subdivision 6, which post-
poned the accruing of the cause of action until the discovery
of the fraud, because that provision was in terms applicable
only to actions for relief on the ground of fraud in cases which
were, theretofore, *solely* cognizable by the Court of Chancery.
(*Foot* v. *Farrington* 41 N. Y. 164.) But the New Code
changed the language of this subdivision in two material par-
ticulars. (§ 382.) It omitted the word "*solely*" for the appar-
ent purpose of avoiding the effect of the decision referred to,
but also substituted in the room of the word "relief," the
phrase " to procure a judgment, other than for a sum of
money." The General Term has held in this case, that the
first amendment is neutralized by the second, and that while
the provisions favoring actions founded on fraud now apply to
actions in which equity had either sole or concurrent jurisdic-
tion, yet those provisions are inapplicable to this case, because
it is not an action " to procure a judgment *other* than for a
sum of money," but simply and only an action to recover a
sum of money ; that the final judgment must necessarily be
for that and nothing else, and the accounting, ordered by the
interlocutory judgment, is not the ultimate result sought, but
only an incidental aid to the securing of such result. The re-
lief prayed for in the complaint is that the defendant render
an account and pay over the money which may be found due.
The argument is perhaps plausible, that, because an account-
ing is asked for, as the means of ascertaining the amount of

money to be awarded by the final judgment, it does not follow that such judgment is "other than for a sum of money." And yet we think that expression was intended to describe, and does fairly indicate, the class of cases usually denominated actions in equity, and we should read it as if it had said, "other than for a sum of money *merely*." It plainly refers to every case cognizable by the old Court of Chancery, whether its jurisdiction was exclusive or concurrent with that of the courts of law, in which a judgment is sought for any remedy or relief, over and above or in addition to a mere money judgment. It relates to all that class of cases in which a kind and character of relief is sought which a court of law could not give, although, at the same time and as part of the ultimate relief sought, a money judgment is also demanded. We do not agree, therefore, with the criticism of the General Term upon the language of the Code under discussion. That language does sufficiently describe a case in which judgment for an accounting is sought in addition to, and as a means of reaching, a judgment for money.

But another difficulty remains. The language of the subdivision is "an action to procure a judgment other than for a sum of money *on the ground* of fraud." Can it be justly said that the *gravamen* of this action, the ground on which it rests, is fraud? It is alleged that the accounts were made up fraudulently, and with intent to cheat and defraud; but such is not the basis of the action. That is the contract duty of the agent to account justly and honestly to his principal. No damages are asked for the fraud, but simply justice under the contract and the agent's duty. The fraud is important, in the pleading and the proofs, not at all as being the cause of action, but merely as a necessary fact to open the closed accounts, and prevent them from being a conclusive answer to the judgment sought. The learned counsel for the plaintiffs, as we understand him, distinctly admits this proposition. He says, "this is not an action for relief on the ground of fraud; the fraud is availed of only to effect the opening of the false accounts rendered, and as a ground on which to charge defendant with

annual rests in the interest account." This language very cor-
rectly, and very frankly, describes the character of the plaint-
iffs' cause of action. An allegation of fraud was in no sense
essential to its perfect and correct statement; it could stand
without it; omitting every such allegation it could still suc-
cessfully defy a demurrer; it cannot be said to be founded on
fraud, when that element is not essential; the proof of fraud
becomes only necessary as the fit answer to a possible defense.
It is to be observed that the complaint is not framed for the
purpose of opening an account stated; it does not allege the
existence of such an account as an obstacle to a recovery which
requires the aid of equity to remove; nor, indeed, does the
answer set up any such defense. Both complaint and answer
refer to the statements from time to time rendered by the de-
fendant, and fully open for trial the question of their truth or
falsity, their fairness or injustice. So that the sole question
presented is, whether the defendant, acting as an agent, prop-
erly performed his duty in such relation, and if he failed so to
do, is liable, whether such failure was intentional and fraudu-
lent, or not. On his part, the defense is that he was not an
agent at all, but simply the vendor of the horns; we cannot
say then that the action was founded on fraud. The case does
not fall within the provisions of subdivision 5 of section 382,
but comes within subdivision 1, as being an action upon a con-
tract obligation or liability, express or implied, and the limita-
tion of six years was properly applied by the General Term.

Two other grounds of resistance to this result are suggested.
It is said that the agency was continuous, and that a demand
was necessary to the accruing of the cause of action because
defendant was a foreign factor. The findings of the court in-
dicate that defendant's employment was always for a single
year, and that, at the end of such year, it was renewed or con-
tinued for the succeeding year "by correspondence or a per-
sonal interview." We do not think any demand was necessary
as a condition of the right of action in the present case.
The authorities to which we are referred are cases of factors
authorized to sell the goods of their foreign principal, and

whose duty to remit awaits a demand and suitable directions, or of deposits of money payable only on demand. Here the defendant, if liable at all, became so at the moment that he misappropriated the money of the principal, or obtained from him money to which as such agent he was not entitled.

We do not see any other question properly presented by this appeal; the defendant made a motion at the General Term for a new trial under sections 1001 and 1002 of the Code. The motion was granted, unless the plaintiffs should stipulate to modify their interlocutory judgment, so as to limit the accounting to transactions within the six years. From this order the plaintiff only appealed, and the question involved is solely upon the condition imposed upon him as necessary to a denial of the defendant's motion.

The order should be affirmed, with costs, and judgment absolute rendered in favor of the defendant upon the stipulation.

All concur.

Order affirmed and judgment accordingly.