MARY E. MILLER, PLAINTIFF, *v.* C. GAYLORD WOOD AND MILTON LINCOLN, DEFENDANTS.

*Statute of limitations — an action for damages, occasioned by false representations, is barred in six years — Code of Civil Procedure, sec. 382, sub. 3 — what cases are within the provisions of subdivision 5 of that section.*

This action was brought to recover damages alleged to have been sustained by the plaintiff, in consequence of certain false and fraudulent representations made by the defendants, by which she was induced to purchase, at its face value, a bond and mortgage which was in fact worthless. The alleged fraud was committed and the purchase made in May or June, 1878; the action was commenced on September 23, 1885.

*Held,* that the action was brought to recover damages for "an injury to property," within the meaning of that term as used in subdivision 3 of section 382 of the Code of Civil Procedure, and was barred by the six years' statute of limitations.

That even if it could be shown that the defendants had fraudulently concealed from the plaintiff the facts, that their representations were false and the mortgage was worthless, until a few months before the action was commenced, she could not maintain the action, under subdivision 5 of that section, as one for fraud, in a case cognizable by the Court of Chancery, before December 31, 1846, as that provision has no application to a case in which, as in this, the only relief sought is a money judgment by way of compensation for damages.

That subdivision 5 includes all cases formerly cognizable by the Court of Chancery, whether its jurisdiction therein was exclusive or concurrent with that of courts of law, in which any remedy or relief is sought for, aside from or in addition to a mere money judgment, and which a court of law could not give, although as part of the relief sought a money judgment is also demanded.

*Carr* v. *Thompson* (87 N. Y., 160).

MOTION by the plaintiff for a new trial on exceptions taken at the Cayuga Circuit and ordered to be heard at the General Term in the first instance.

*C. S. Kent,* for the motion.

*J. H. Camp,* opposed.

Smith, P. J.:

The action is brought to recover damages alleged to have been sustained by the plaintiff in consequence of certain false and fraudulent representations made by the defendant Lincoln, at the instigation of the defendant Wood, whereby the plaintiff was induced to purchase of Wood, at its face value, a mortgage purporting to be a security for the payment of $800, which was in fact worthless.

The only question is whether the action is barred by the statute of limitations. The alleged fraud was practiced, and the purchase made, in May or June, 1878. The action was commenced on the 23d of September, 1885. The only relief demanded in the complaint is a money judgment for the amount of damages alleged to have resulted from the alleged fraud.

As an action for damages, it is within the six years' limitation, and is consequently barred, unless it is excepted by the statute from that limitation. The six years' limitation applies to an action to recover damages for an injury to property (Code Civil Pro., § 382, sub. 3), and "an injury to property" is defined by the Code to be "an actionable act, whereby the estate of another is lessened, other than a personal injury or the breach of a contract." (Sec. 3343, sub. 10.) By this circumlocutory process, the Code brings an action to recover damages for fraud and deceit within the six years' limitation.

The plaintiff's counsel contends that the evidence shows that the defendants fraudulently concealed from the knowledge of the plaintiff the fact that their representations were false and the mortgage was worthless until a few months before the suit was commenced, and that for that reason the statute does not apply.

In support of that contention, the counsel is understood to rely upon the fifth subdivision of section 382 of the Code. That subdivision provides that in an action to procure a judgment, other than for a sum of money, on the ground of fraud, in a case which, on the 31st day of December, 1846, was cognizable by the Court of Chancery, the cause of action is not deemed to have accrued, until the discovery by the plaintiff, or the person under whom he claims, of the facts constituting the fraud. That provision has no application to a case in which, as here, the only relief sought is a money judgment, by way of compensation for damages. It is

intended to apply to cases in which the relief sought is, wholly or in part, such as was formerly within the peculiar province of the Court of Chancery. The Revised Statutes provided that bills in equity for relief, on the ground of fraud, should be filed within six years after the discovery, by the aggrieved party, of the facts constituting such fraud, and not after that time. (2 R. S., 301, § 51.) That statute was held to give six years after the discovery of the fraud, on a bill filed, even in cases where there was a concurrent remedy at law. (*Mayne* v. *Griswold,* 3 Sandf. Supr. Ct. R., 463; *Bertine* v. *Varian,* 1 Edw. Ch. R., 343.) The original Code provided that in an action for relief, on the ground of fraud, the cause of action is not to be deemed to have accrued until the discovery of the fraud. (Laws 1848, p. 512, chap. 379, § 71, sub. 6.) But by an amendment in 1849, that provision was limited to cases which, prior to the Code, were solely cognizable by the Court of Chancery. (Laws 1849, p. 635, chap. 438, § 91, sub. 6.) The provision, as thus amended, was held not to apply to cases formerly cognizable in chancery, in which there was a concurrent remedy at law. (*Foot* v. *Farrington,* 41 N. Y., 164.) To avoid the harshness of that rule, the fifth subdivision of section 382 of the present Code was adopted. (See Throop's note to same.) That subdivision has been held to include all cases formerly cognizable by the Court of Chancery, whether its jurisdiction therein was exclusive or concurrent with that of courts of law, in which any remedy or relief is sought for aside from or in addition to a mere money judgment, and which a court of law could not give, although as part of the relief sought a money judgment is also demanded. (*Carr* v. *Thompson,* 87 N. Y., 160.) But, as has been said, when the only relief asked for is a money judgment for damages, the provision does not apply.

Furthermore, the complaint alleges that in August, 1878, " and at divers times between that date and January 1, 1885, this plaintiff was informed that said mortgage was not a good mortgage security for its face value, and that it was a second mortgage." As the facts of which the plaintiff was thus informed constituted substantially the subject of the alleged misrepresentations and concealment, the nonsuit may be maintained on the ground that the fraud was disclosed to the plaintiff more than six years before the suit was commenced.

We think the motion for a new trial should be denied and judgment ordered for the defendants on the nonsuit.

Barker, Haight and Bradley, JJ., concurred.

Motion for new trial denied and judgment ordered for defendant on the nonsuit.