## BOSLEY v. NATIONAL MACHINE Co. et al.

*(Common Pleas of New York City and County, General Term. June 3, 1889.)*

1. LIMITATION OF ACTIONS—EQUITABLE ACTION—FRAUD.

Code Civil Proc. N. Y. § 382, subd. 5, requires to be brought within six years after the cause of action accrued "an action to procure a judgment other than for a sum of money, on the ground of fraud, in a case which on the 31st of December, 1846, was cognizable by the court of chancery. The cause of action in such case is not deemed to have accrued until the discovery * * * of the facts constituting the fraud." *Held*, that an action to rescind a contract of subscription to corporate

stock on the ground that it was procured by fraud, to be released from all liability thereunder as a stockholder, and to recover the balance of money paid on such subscription after deducting dividends received, is an action of which the court of chancery would have had jurisdiction, and comes under the above subdivision of section 382.

2. SAME—ADEQUATE REMEDY AT LAW.
    Under the facts stated plaintiff would be entitled to an equitable rescission and accounting, and, though she might also maintain an action at law for damages, such action would not afford her adequate relief, as it would amount to an affirmance of the contract so as to expose her to liability to creditors as a stockholder.

3. SAME—DISCOVERY OF FRAUD—LACHES.
    Laches cannot be imputed to plaintiff where she did not discover the facts constituting the fraud until between December, 1887, and June, 1888, and commenced her action July 9, 1888.

Appeal from special term.

This is an appeal by defendants from a judgment decreeing a rescission of plaintiff's contract of subscription for 13 shares of the stock of the National Machine Company, and further decreeing the recovery of the balance found due to plaintiff for moneys paid on said subscription after deducting dividends received, and a surrender of the shares of stock issued to her, on payment of said balance. Issues of fact were submitted to a jury, and the decree was rendered upon their findings. The grounds for this decree are that plaintiff's subscription was procured by false and fraudulent representations, made to her by defendant William M. House, the president of said company, acting as its agent in procuring such subscription. Code Civil Proc. § 382, subd. 3, provides that "an action to recover damages for an injury to property, or a personal injury, except in a case where a different period is expressly prescribed by this chapter," must be brought within six years after the cause of action accrued. Subd. 5 requires to be brought within the same period "an action to procure a judgment other than for a sum of money, on the ground of fraud, in a case which on the 31st day of December, 1846, was cognizable by the court of chancery. The cause of action in such case is not deemed to have accrued until the discovery by the plaintiff, or the person under whom he claims, of the facts constituting the fraud."

Argued before LARREMORE, C. J., and DALY and BOOKSTAVER, JJ.

*N. Quackenbos,* for appellants. *Gwillim & Meyers, (Edward C. James,* of counsel,) for respondent.

BOOKSTAVER, J. The first question raised on this appeal is when the statute of limitations began to run against plaintiff's cause of action. Appellants claim the action falls under subdivision 3, § 382, of the Code, and that the statute commenced to run from the time the fraudulent representations were made and the plaintiff was induced to subscribe for the stock of the defendant company, in November, 1880. Plaintiff, on the other hand, contends that the action falls under subdivision 5, § 382, of the Code, and that the statute did not commence to run until the discovery of the fraud, which was between December, 1887, and June, 1888. The action was commenced in July, 1888. In order to bring a case under subdivision 5, § 382, three things must occur: *First,* the judgment sought must be for something more than the sum of money merely; *second,* the ground of the action must be fraud; *third,* it must have been cognizable by the court of chancery as it existed December 31, 1846. As to the last of these propositions, appellants do not contend that the old court of chancery would not have had jurisdiction of the action as the complaint is framed, but that the cause of action could also have been tried in a court of law; in other words, that a court of equity would not have had exclusive jurisdiction. Such an argument would have been entitled to great weight under the former Code, § 91, subd. 6, where the exception to the running of the statute of limitations was confined to actions solely cognizable in the court of chancery; but the present Code has omitted

this restriction, and the court of appeals, in *Carr* v. *Thompson*, 87 N. Y. 160, has held that the subdivision of section 382 under consideration includes all cases formerly cognizable by the court of chancery, whether its jurisdiction was exclusive or concurrent with that of courts of law, when the other necessary conditions exist. Appellants admit that the second of these conditions, namely, that the ground of the action is fraud, exists in this case, for their entire argument proceeds on the theory that the plaintiff had an adequate remedy at law by reason of the alleged fraud. Indeed, they admit the fraud by not seeking to review the findings of the jury or the court on that subject. The chief contention of the appellants is that the judgment sought is for a sum of money merely, and that her cause of action entitled her to no other relief. They are undoubtedly right in their contention that the prayer for relief does not determine the character of the action, but that that must be determined by the facts stated in the complaint. As far as they are material to the question under consideration, the facts so stated are that the defendant company is a domestic corporation; that in November, 1880, the defendant House was and still is its president, and a director and stockholder therein; that he was the authorized agent of the company to procure subscriptions, and was engaged in procuring such subscriptions in November, 1880, which, when procured, were recognized by the company; that, as such agent, House made certain representations to the plaintiff concerning the property, rights, and franchises of the company, to induce her to become a stockholder therein; that all these representations were material, as affecting the value of the stock; that she believed them to be true, and by reason thereof she was induced to become a subscriber to the stock which she held at the time this action was commenced; that she received certain dividends thereon for a time, but that subsequently no dividends were paid; that the representations made by House were false and were known to him to be false when he made them, and were made with the intent to deceive the plaintiff and did deceive her; that she did not discover the falsity of these representations until about December, 1887; that since she discovered the fraudulent character of the representations she has done no act as a stockholder of the defendant company, or in ratification of the contract of subscription; that the company is not insolvent; that the stockholders are substantially the same as when she made her subscription to the stock; that prior to the commencement of this action she sought of the defendants a voluntary rescission of the contract of subscription, and tendered back the stock, and also the dividends received by her and the interest thereon, but that this tender has been refused. Plaintiff, in her bill, then offers to return her stock, together with the dividends and interest thereon, and asks for an equitable rescission of the contract on the ground of fraud, and for an accounting between the parties and a judgment for any balance which may be found due her, and for such other relief as to the court may seem proper.

It is quite true, as appellants contend, that on these facts the plaintiff could have obtained a money judgment in an action at law for her damages occasioned by the fraud, but such an action would have proceeded on the theory of the affirmance of the contract of subscription which she repudiated, or upon the theory of a rescission of the contract for the fraud before suit brought, which would have left her open to the attacks of third parties on her liability as a stockholder. The question is not, as appellants contend, whether she was entitled to a money judgment, but whether on the facts she was entitled to a money judgment only. She was not bound to rely on compensation in damages if the facts warranted other relief, (*Gould* v. *Bank*, 86 N. Y. 83, 84; *Same* v. *Same*, 99 N. Y. 337, 2 N. E. Rep. 16,) even although, as a part of the relief sought, a money judgment is also demanded, (*Carr* v. *Thompson, supra.*) We think on the facts of this case the plaintiff was clearly entitled to a rescission of the contract of subscription, thus relieving her from all liability as a stockholder, and also for an accounting, and a court of law

could not give her such relief in either of these respects. It follows that the three conditions contemplated in subdivision 5, § 382, concur in this case, and that the statute of limitations did not commence to run until the discovery of the fraud.

We have not overlooked *Butler* v. *Johnson*, 111 N. Y. 204, 18 N. E. Rep. 643, so confidently relied on by appellants, but we do not think it applies to this case. It decided that causes of action in which, before the adoption of the Code of Procedure of 1848, the subject was the same at law and in equity, and the remedy only was different, were not included within the 10-years limitation, (section 77,) but were provided for by the preceding sections limiting actions at law; or, in other words, that the 10-years limitation applied only to cases over which equity had, before the Code, exclusive jurisdiction. No such question arises here. The six-years statute applies to this case, and the only question about it is, when did it commence to run? But appellants contend that, even if the statute of limitations does not apply, then plaintiff's laches in not rescinding the contract immediately on discovering the fraud must defeat her recovery. No such objection was taken on the trial, as far as disclosed by the record, and, if it had been, we do not think it could have availed the defendants. By the finding of the jury it appears the fraud was not discovered until between December, 1887, and June, 1888, and the action was commenced July 9, 1888. Meanwhile plaintiff had done nothing to affirm the contract, or to show she had elected so to do. It is apparent from the allegations of the complaint that it would require some time to ascertain the facts to establish the fraud after suspicion was aroused, and some time longer was doubtless consumed in the negotiations to rescind without action, and we think due diligence in the matter has been established. Besides, plaintiff owed the defendants no duty of active vigilance in discovering their fraud. She had a right to rely upon the truth of defendants' representations. . *Baker* v. *Lever*, 67 N. Y. 304, 309. Under the circumstances of this case, the complaint of the defendants that their fraud was not discovered soon enough is entitled to little weight. The judgment should be affirmed, with costs.