ABRAHAM KOERNER, Respondent, *v.* HERMAN APPLE and ALFRED APPLE, as Copartners, Doing Business under the Firm Name and Style of APPLE & Co., Appellants.

First Department, November 18, 1921.

Contracts — action for breach — complaint in action for commissions on sales made sets out cause of action on contract and not for fraud, although plaintiff alleges that defendants furnished false statements of business done as basis for plaintiff's commissions.

A complaint in an action for commissions due the plaintiff as a salesman states a cause of action on contract rather than for fraud, where under it he is required to prove only the rendition of his services, the amount of goods he sold or those which the defendants sold on renewal orders in his territory and the commissions earned, and where it contains nothing save such averments as are appropriate to a cause of action on contract.

The further allegation in the complaint that the defendants furnished false statements of the amount of business done by them which was subject

to plaintiff's commissions does not change the action·to one for fraud, where there are no allegations of facts showing ·damages by reason of the falsity of the statements and plaintiff's reliance thereon.

APPEAL by the defendants, Herman Apple and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of May, 1921, denying defendants' motion for an order directing plaintiff to reply to the special defense of the Statute of Limitations.

*Louis W. Osterweis* [*Edwin M. Otterbourg* of counsel], for the appellants.

*Edward A. Brown,* for the respondent.

DOWLING, J.:

The complaint herein sets forth eight causes of action to which the defendants have answered and have set up as separate defenses to the first, second and third causes of action that they did not accrue within six years next preceding the commencement of this action; and as to the fourth cause of action that so much thereof as is based on the alleged services rendered by the plaintiff between July 1, 1914, and November 21, 1914, did not accrue within six years next preceding the commencement of this action. The defendants moved to compel the plaintiff to reply to these separate defenses pursuant to section 516 of the Code of Civil Procedure, and from the order denying this motion the present appeal is taken. The first four causes of action are based upon the same theory. Taking the first cause of action as typical, the complaint alleges that the defendants, who are copartners, in or about the month of December, 1911, at the city of New York, entered into an agreement with plaintiff whereby he was employed by them as traveling salesman for the period terminating July 1, 1912, and as compensation therefor the defendants promised and agreed to pay him, in addition to traveling expenses, a commission equal to five per cent upon all merchandise sold to the wholesale trade as well as upon all renewal orders from such trade within the territory assigned to this plaintiff, and a commission of seven and one-half

per cent on all merchandise sold to the retail trade, as well as upon all renewal orders from such trade within his territory. It is averred that "pursuant to said contract it was further agreed that the defendants would, prior to or at the expiration of the term of such employment, furnish plaintiff with correct statement of all business done by the defendants upon such sales aforementioned and which statement would form the basis for computation of commissions due plaintiff." It is then alleged that plaintiff entered the defendants' employ and duly performed the agreement on his part and that during the said period and in the course of his employment he procured orders and the defendants sold merchandise within his territory in the aggregate of $20,000, the exact amount of which is unknown to plaintiff; and upon which the commission due the plaintiff amounted to at least $1,800, on account of which the defendants have paid the sum of $1,300, and no more, leaving a balance due of $500.

The complaint then sets forth:

" 4. That the defendants furnished unto this plaintiff a statement purporting to be the amount of business representing sales made by the defendants in the period aforementioned and in the territory aforementioned during the course of the agreement aforesaid and on account of which this plaintiff was entitled to be compensated, but said statement was false and untrue in that it did not fully and correctly set forth the entire amount of business done and merchandise sold by the defendants under said agreement within the territory referred to for the period aforesaid, but defendants concealed from this plaintiff the true and correct amount thereof. That the exact amount of business transacted by the defendants and upon which this plaintiff is entitled to compensation as aforesaid is unknown to this plaintiff but is in the aggregate sum of at least Twenty thousand dollars ($20,000).

" 5. Statement made as aforesaid and delivered to this plaintiff by the defendants was inaccurate, false and untrue and known so to be by the defendants at the time the same was delivered and made unto this plaintiff, and such statement was so made unto this plaintiff for the purpose of defrauding this plaintiff out of the commissions to which he was entitled and for the purpose of inducing this plaintiff to believe

that the amount of business transacted by the defendants upon which plaintiff was entitled to commissions was a much smaller amount than the actual amount of such business and for the purpose of inducing this plaintiff to rely upon such statement in computing the commissions due him and in accepting his amount credited to him by the defendants. That this plaintiff relied upon the truth and accuracy of said statement and believed the same to be true to his damage in at least the sum of Five hundred Dollars as aforementioned and this plaintiff did not ascertain that said statement was false and untrue until in or about the year 1920."

The second cause of action is based upon a contract of employment made July 1, 1912, for the period of one year thereafter, upon which a balance of $950 is claimed to be due. The third cause of action is based upon an agreement made July 1, 1913, for the ensuing year, upon which the sum of $950 (also stated to be $625) is alleged to be due. The fourth cause of action is based upon a contract made July 1, 1914, for the ensuing year, upon which a balance of $950 is alleged to be due. The only judgment demanded is a money judgment for the respective amounts hereinbefore stated.

The determinative question upon this appeal is whether the complaint herein sets forth causes of action on contract or on fraud. An examination of the complaint leads to the conclusion that what the pleader has alleged is a cause of action on contract. Plaintiff was employed by the defendants under a contract by which he was to receive commissions, the amount thereof to be computed upon the basis of statements to be furnished to him by the defendants prior to or at the expiration of the term of his employment. He is suing for the value of services rendered by him, the amount thereof being fixed by his contract. The method of computation thereof is fixed by his contract which defines the percentage he is to receive upon the basis of statements to be furnished to him by the defendants. The defendants' agreement to furnish him with a correct statement of his transactions with them is as much a part of the contractual undertaking of the defendants as any other part of the agreement. What plaintiff seeks to recover in this action is the agreed value of the services he performed. He has alleged what the value

of those services is under the contract. His right to recover that amount in no way depends upon the statements furnished to him by the defendants. Under his complaint he would be required to prove only the rendition of his services, the amount of goods he sold or those which the defendants sold on renewal orders in his territory, and the commissions earned upon such business according to the appropriate rate fixed by his agreement. The statements furnished by the defendants form no part of the plaintiff's case nor would he be bound thereby. The agreement to furnish these statements as the basis for computation is entirely independent from the agreement to pay him the commissions. If the defendants furnished the plaintiff with false and fraudulent statements of business done under his contract he would not be bound by them but would be entitled to recover upon the business actually done. So far as the complaint is concerned there is no appropriate averment of any specific damage done to plaintiff by the furnishing of these false statements. He says that they were furnished to him in order to defraud him and to induce him to believe that the amount of business done upon which he was entitled to commissions was much below the actual amount thereof, and also to induce him to rely upon the statements in computing the commissions due him and in accepting the amount credited to him by the defendants. But while he says he relied upon the truth and accuracy of the statements and believed them to be true to his damage, there is no fact alleged which shows any particular in which he was or could be damaged. It is not alleged that he was induced in reliance upon these statements to give a receipt in full, to execute a general release or in any way to yield up any right or foreclose any remedy which he might have had for the recovery of the amount due him. So far as these causes of action are concerned, the complaint contains nothing save such averments as are appropriate to a cause of action on contract.

The case at bar is similar in principle to that of *Carr* v. *Thompson* (87 N. Y. 160). There the defendant had been employed as an agent to purchase goods for plaintiffs upon a commission basis; through a series of years he acted in this capacity, receiving and paying out to plaintiffs' account large

sums of money; at stated intervals during the successive years he rendered an account which he represented to be correct and just, and which was settled in reliance upon such assurance. As a matter of fact, these accounts were false and fictitious and by means thereof defendant, intending to cheat and defraud plaintiffs, obtained from them and fraudulently converted to his own use upwards of $11,000 properly belonging to his principals. The court held that the allegation of these facts constituted a good cause of action at law; that upon them a money judgment for damages actually sustained could have been properly demanded; that the accounts in no manner barred the remedy; and that the allegation of their fraudulent and fictitious character, sustained by proof, would have prevented them from being an obstacle to a recovery. In the course of its opinion (at p. 164) the court said: " Can it be justly said that the gravamen of this action, the ground on which it rests, is fraud? It is alleged that the accounts were made up fraudulently, and with intent to cheat and defraud; but such is not the basis of the action. That is the contract duty of the agent to account justly and honestly to his principal. No damages are asked for the fraud, but simply justice under the contract and the agent's duty. The fraud is important, in the pleading and the proofs, not at all as being the cause of action, but merely as a necessary fact to open the closed accounts, and prevent them from being a conclusive answer to the judgment sought. * * * An allegation of fraud was in no sense essential to its perfect and correct statement; it could stand without it; omitting every such allegation it could still successfully defy a demurrer; it cannot be said to be founded on fraud; when that element is not essential; the proof of fraud becomes only necessary as the fit answer to a possible defense. It is to be observed that the complaint is not framed for the purpose of opening an account stated; it does not allege the existence of such an account as an obstacle to a recovery which requires the aid of equity to remove; nor, indeed, does the answer set up any such defense."

The conclusion thus reached that the cause of action is one on contract renders unnecessary the determination of the

other question presented by the appeal, which would be relevant only in case a contrary conclusion had been reached. The order appealed from will, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., PAGE, MERRELL and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs