CLARISSA LAMMER et al., Appellants, *v.* HELEN G. STODDARD,
        as Executrix, etc., et al., Respondents.

(Argued October 15, 1886; decided November 23, 1886.)

THE will of Joseph Lammer, who died in 1837, gave to his
wife the sum of $3,000 in trust, to be invested in bond and
mortgage and the interest accumulating thereon to be applied
to the support and maintenance of three minor children of the
testator, Joseph, John and Clarissa, during their minority,
$1,000 of the principal to be paid to each of the said children
on their arrival at the age of twenty-one respectively.  In case
of the death of either of said children during minority, with-
out issue, then its portion was given to the testator's widow.
The testator's wife and his son Edward were appointed exec-
utors and trustees.  The $3,000 was paid to the testator's
widow, who invested it in a bond and mortgage.  On Febru-
ary 3, 1836, the principal was paid, and about that date she
loaned to Edward Lammer $5,000, which was secured by bond
and mortgage, payable February 1, 1837.  There was a prior
mortgage on the mortgaged premises, which was foreclosed in
1837; and on foreclosure sale no surplus was left to apply on
the second mortgage.

Joseph Lammer died in 1840, the widow in 1870, and Ed-
ward in 1884.  Clarissa was appointed administratrix of her

mother's estate, and as such commenced this action against the executrix of the will of Edward to enforce a trust as to the $3,000. The trial court found as matter of fact, upon evidence deemed by this court sufficient, after affirmance by the General Term, to sustain the finding, that Edward paid $5,000, the amount of the mortgage, to the widow during her life-time.

The residue of the opinion is as follows:

" But the statute of limitations furnishes an equally conclusive defense to this action. If it be assumed that the trust fund was loaned to Edward Lammer with notice of the trust, under such circumstances that the trust within a proper time could have been enforced against him or his estate, the lapse of time would still stand in plaintiffs' pathway. If this were an action to recover the debt evidenced by the bond and mortgage, it is conceded that it would have been barred. But the action is to establish and enforce a trust, and hence the claim is made that it is not barred. It is undoubtedly generally true that as against a trustee of an actual, express, subsisting trust, the statute does not begin to run against the beneficiary until the trustee has openly, to the knowledge of the beneficiary, renounced, disclaimed or repudiated the trust. But Edward Lammer was not the actual trustee of this fund, and he never acknowledged a trust as to the money loaned him. He could, at most, have been declared a trustee *ex maleficio* or by implication or construction of law, and in such a case the statute begins to run from the time the wrong was committed, by which the party became chargeable as trustee by implication. ( *Wilmerding* v. *Russ*, 33 Conn. 67; *Ashhurst's Appeal*, 60 Penn. St. 290; *McClane* v. *Shepherd*, 21 N. J. Eq. 76; *Decouche* v. *Savetier*, 3 Johns. Ch. 190, 216; *Kane* v. *Bloodgood*, 7 id. 90; *Ward* v. *Smith*, 3 Sandf. Ch. 592; *Higgins* v. *Higgins*, 14 Abb. N. C. 13; *Clarke* v. *Boorman*, 18 Wall. 493; Perry on Trusts, § 865.)

" We, therefore, see no reason to doubt that the judgment below was right, and it should be affirmed, with costs."

*P. V. R. Stanton* for appellants.

*Jesse Johnson* for respondents.

EARL, J., reads for affirmance.

All concur.

Judgment affirmed.