WILLIAM W. GILMORE, Appellant, *v.* EDWARD E. HAM, Respondent.

|142 1|
|142 320|

The provision of the Code of Civil Procedure (§ 388) declaring that "an action, the limitation of which is not specially prescribed, * * * must be commenced within ten years after the cause of action accrues," applies to any and every form of equitable action.

*Miner* v. *Beekman* (50 N. Y. 343); *Schoener* v. *Lissauer* (107 id. 117), distinguished.

Where a partnership is dissolved by mutual consent, and one of the co-partners is appointed liquidator, the duty imposed upon him is one of agency. No new authority is given to him and no direct trust is created, but the authority the partnership conferred continues, limited, however, so as to include only that which is necessary for a settlement of the business.

A right of action in favor of the retiring against the liquidating partner for an accounting does not accrue at the time of the dissolution; nor is it postponed until the last item of partnership business is settled and closed. The liquidator is bound to be diligent, and where there has been a needless delay equity may interfere.

The right of action, therefore, accrues, and the Statute of Limitations begins to run against it when, under the circumstances of the particular case, the liquidating partner has had a reasonable time within which to perform his duty, and so is in fault for not fully completing it.

In an action for an accounting and contribution between co-partners, brought in 1890, it appeared that in 1869 plaintiff abandoned the partnership and left the state. Defendant shortly after published a notice of the dissolution of the firm, and that he would close its affairs. In

1871 defendant sold out and received his pay for the partnership stock of goods then in his possession; he paid the firm debts, except one note, and he had ample assets in his hands to pay that. An action was brought upon this note in 1886; plaintiff alone defended; as the Statute of Limitations did not protect him because of his continued absence from the state, judgment was rendered against him and he was compelled to pay the full amount of the note and accrued interest. *Held,* that judgment was properly rendered against defendant, in accordance with the prayer of the complaint, for contribution of one-half the amount so paid by plaintiff; but that the cause of action for an accounting was barred by the statute; that the case was to be considered as if the partnership had been dissolved by mutual consent and defendant appointed the liquidating partner, and when in 1871 he turned the firm assets into money his duty required payment by him of all the firm debts, and the cause of action for an accounting then accrued and the statute began to run.

*It seems,* that even in the case of a direct trust, the Statute of Limitations begins to run when the trust ends, and the trustee has no longer a right to hold the trust fund or property, but is bound to pay it over or transfer it, discharged from the trust.

*Hendy* v. *March* (75 Cal. 567); *Hammond* v. *Hammond* (20 Ga. 560); *Prentice* v. *Elliott* (72 id. 156); *Riddle* v. *Whitehill* (135 U. S. 621), distinguished.

(Argued February 28, 1894; decided April 10, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made September 13, 1892, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought in 1890 for an accounting and contribution between partners.

The facts, so far as material, are stated in the opinion.

*T. K. Fuller* for appellant. The Statute of Limitations is no defense in this case. (*Riddle* v. *Whitehill,* 135 U. S. 621; *Gray* v. *Green,* 125 N. Y. 203, 208; *Purdy* v. *Sistare,* 2 Hun, 126; Angell on Lim. §§ 166, 167, 178; *Drake* v. *Wilkie,* 30 Hun, 537; *People* v. *White,* 28 id. 289, 293; *Todd* v. *Rafferty,* 30 N. J. Eq. 254; *Patridge* v. *Wells,* Id. 176; *Prentice* v. *Elliott,* 72 Ga. 154; *Hammond* v. *Hammond,* 20 id. 556;

*Massey* v. *Tingle*, 29 Mo. 437; *McClung* v. *Capehart*, 24 Minn. 17; *Hendy* v. *March*, 75 Cal. 566; *Foster* v. *Rison*, 17 Gratt. 321; *Tatam* v. *Williams*, 3 Hare, 347, 358; *Causler* v. *Wharton*, 62 Ala. 358; *Cannon* v. *Copeland*, 43 id. 201; *Adams* v. *Taylor*, 14 Ark. 62; *Lawrence* v. *Rokes*, 61 Maine, 38.) A liquidating partner, made such either by law or by contract, cannot plead the Statute of Limitations in his own favor, until he completes the liquidation. (*Gray* v. *Green*, 125 N. Y. 203, 208; *Purdy* v. *Sistare*, 2 Hun, 126; *People* v. *White*, 28 id. 289, opn. 293; Angell on Lim. §§ 173, 179, 180; *Drake* v. *Wilkie*, 30 Hun, 537; *Causler* v. *Wharton*, 62 Ala. 358.) The court erred in refusing to charge that the circumstances of this case are such as to render it unjust, inequitable and against good conscience to allow the defendant's plea of the Statute of Limitations, as a bar to an accounting between the partners in their suit in equity. (*Sterndale* v. *Hankinson*, 1 Sim. 398; *Ault* v. *Goodrich*, 4 Russ. 434; *Robinson* v. *Field*, 5 Sim. 14.) Even if the judgment for contribution had been paid, still this appeal would lie. (*Clowes* v. *Dickenson*, 8 Cow. 328; *Dyett* v. *Pendleton*, Id. 325; *Benkhard* v. *Babcock*, 17 Abb. Pr. 421; *Higbee* v. *Westlake*, 14 N. Y. 281; *Barker* v. *White*, 58 id. 204; *Genet* v. *Davenport*, 60 id. 194.)

*John C. Hunt* for respondent. If the time has elapsed so that the statute bars an action for an accounting, and the statute is pleaded, it is fatal. (*Gray* v. *Green*, 125 N. Y. 203.) Plaintiff within ten years after dissolution could have filed a bill for an accounting in which action the assets would have been marshalled and the debts paid from the proceeds, or if not sufficient to pay, each co-partner would have been adjudged to pay as found due. (*Butler* v. *Johnson*, 111 N. Y. 205; *Still* v. *Holbrook*, 23 Hun, 517; Code Civ. Pro. § 388; *Calhoun* v. *Millard*, 121 N. Y. 69.)

FINCH, J. Under what circumstances and from what date the Statute of Limitations runs in favor of a liquidating partner as against the retiring partner suing for an accounting and payment of his share, is the question presented on this appeal.

That it is a troublesome and perhaps difficult inquiry is obvious from the varying and shifting circumstances upon which it may arise, and still more from a study of the conflicting decisions which have striven by very different methods to reach a definite solution of the problem. That it has some degree of importance and should be determined carefully is apparent from the fact that it must necessarily settle when the cause of action for an accounting accrues and can be enforced, and so when the liquidating partner is in default. It is desirable to state first, as definitely as possible, the facts upon which the question arises.

Ham and Gilmore became partners in the clothing business in March of 1864, and conducted the business until June, 1869, when Gilmore went away and left the state. Ham says he "absconded," and claims that previous to his departure he had been secretly disposing of the partnership goods for his own benefit, and disappeared to avoid detection. Whether that be true or not, we must assume that Gilmore abandoned the partnership, and that his action amounted to a consent to its dissolution, and the appointment of Ham as the sole liquidating partner, authorized to settle the partnership affairs. For, shortly after Gilmore's departure, Ham published a notice of the dissolution of the firm and that he would close its affairs, and Gilmore's assent is to be inferred not only from his conduct at the time, but from his long silence and from his adoption of Ham's action involved in the institution of the present suit. We are to treat the case, therefore, precisely as if there had been a dissolution by mutual consent, and Ham had been appointed the liquidating partner alone authorized to close up the business. He took that attitude; was allowed to take it; received and held all the assets; and assumed rightfully the duty of winding up the partnership affairs. What he did in that direction we know very imperfectly because he chooses not to render an account. It appears, however, that in 1871 he sold out and received his pay for the whole stock of goods then in his possession and which must have covered the entire assets of the dissolved firm, except,.

perhaps, its bills receivable. The latter, so far as collectible, we may and should assume had been collected during the two years which had elapsed since the dissolution. As to the debts owing by the firm and payable out of its assets, we have only the statement of Ham that at the date of his sale of the stock of goods he had paid " a good many " of the debts of the firm, but did not know whether he had paid them all. One, at least, he had not paid. That was a note given by Ham & Gilmore to the wife of the former, for $675, dated December 19, 1866, and payable one day after date. That note might have been and should have been paid in 1871 when the liquidating partner had turned all the assets into money, and, as the case shows, had ample means of the partnership in his possession adequate to that payment, and his omission to pay it was a clear violation of his duty. I am confident that, at that date, two years after the dissolution, when all the assets had been turned into money, when most of the debts had been paid, and when all of them ought to have been paid, the retiring partner could have maintained an action against the liquidating partner for an accounting of the partnership affairs and payment over of the share ascertained; and that it would not have been a defense to the suit that the retiring partner's cause of action had not accrued because one or more debts had been needlessly left unpaid. This conclusion, however, is adverse to some of the decisions, and will need consideration at a more convenient stage of the discussion.

What further happened was this : The note held by Mrs. Ham was sued in 1886, about twenty years after its maturity : service was made on Gilmore, who alone defended : the Statute of Limitations did not protect him because of his continued absence from the state : judgment went against him and he was compelled to pay the full amount of the note, with its accrued interest: and thereupon he commenced this action. It has two phases. The complaint, alleging the compulsory payment of the note, demands contribution from Ham of the one-half chargeable against him, and for that there has been a recovery. Whether, upon proper allega-

tions, there might not have been a judgment for the whole amount paid need not be considered since no such claim was made and no such relief was asked. The further cause of action pleaded was for an accounting of the partnership affairs and payment of the share found due, and to that the defendant pleaded both the six-year and the ten-year limitation, and has succeeded. The plaintiff appeals and insists that he is entitled to an accounting, notwithstanding the lapse of time, and mainly upon the ground that the statute did not begin to run until all the business of the partnership was settled up and ended, for which contention he furnishes more or less of authority.

Under the law of this state there is a fixed limitation for every cause of action, whether legal or equitable. After attaching suitable limitations to numerous classes of actions the Code adds (§ 388): "An action, the limitation of which is not specially prescribed in this or the last title, must be commenced within ten years after the cause of action accrues." This provision, in the Code of 1848 and continued since, has done away with the old rules as to cases cognizable only in courts of equity, and subjected all alike to some statutory limitation. (*De Pierres* v. *Thorn*, 4 Bosw. 288, 289 ; *Loder* v. *Hatfield*, 71 N. Y. 104.) So far as I have examined the authorities in this state since the adoption of the Code I have found no denial of the application of its provisions to any form of equitable action, unless cases of a continuing right, accruing newly every day, may be said to form an exception (*Miner* v. *Beekman*, 50 N. Y. 343 ; *Schoener* v. *Lissauer*, 107 id. 117), although it is quite apparent that they are not inconsistent with the uniform and universal rule. They serve, not to break it, but to show how difficult it occasionally is to determine when the right to the equitable relief arises, and when the cause of action so accrues as to set running the appropriate limitation. I shall assume, therefore, that either the six-year or the ten-year limitation applied to the plaintiff's cause of action, and need not for present purposes determine which.

When, then, did the plaintiff's cause of action accrue, for that is the date from which the limitation begins to run, and which we must fix in some manner in order to reach a result. I said in *Gray* v. *Green* (125 N. Y. 206) that when an action is brought against a liquidating partner for an accounting the plaintiff must wait a reasonable time after the dissolution before his right of action can at all accrue, and, while the statement was not then essential to the decision, a further examination of the question in the present case has served to confirm that opinion. A cause of action originates in some violation of a legal duty or some omission to perform it. The duty imposed upon the liquidator is one of agency. He becomes the sole authorized agent of the partnership for the single purpose of winding up and finally settling its affairs. There are elements of trust in his position and duty which lead us often to regard and describe him as a trustee for the creditors on the one hand or the retiring partner on the other, and the description is not inappropriate so long as it does not mislead us into the error of regarding the position and duty of the liquidator as that belonging to a direct trust. His authority is not such. No new authority is given to him. What he has is a restricted and narrowed part of that which the partnership conferred. That continues and subsists to the extent necessary for a settlement of the business, and is not a new authority or a direct trust. (*Kane* v. *Bloodgood*, 7 Johns. Ch. 90; *Adams* v. *Taylor*, 14 Ark. 66.) The liquidator becomes the agent of the partnership for the one specific purpose. His duty is to collect and adjust the debts due to the firm, to turn the assets into money, to pay and discharge the outstanding liabilities and then to pay over to the other partner his just share of the remaining surplus. (Story on Partnership, § 328.) But he must perform this duty with reasonable diligence (*Evans* v. *Evans*, 9 Paige, 180), and while so acting, and in good faith, equity will not interfere and no cause of action in favor of the retiring partner can or will arise. Obviously, such a cause of action will accrue, not at once upon the dissolution, but at some later period when there

has been such violation or neglect of duty as to justify equitable interference.

While, therefore, it is clear that the cause of action for an accounting does not arise at the moment of the dissolution, it is not necessarily postponed to the other extreme of a complete and final ending of all the partnership business. That view is taken in some of the adjudged cases (*Hendy* v. *March*, 75 Cal. 567; *Hammond* v. *Hammond*, 20 Ga. 560), but I do not think it is intended to be asserted as an absolute rule, always applicable irrespective of circumstances. Indeed, in *Prentice* v. *Elliott* (72 Ga. 156) it is again stated, but with the qualification that the statute might begin to run when " a sufficient time had elapsed to raise the presumption " that the business had been fully settled. If by these cases and others like them it is only meant to say that a final share cannot be recovered until it is ascertained and exists, and that the liquidator, doing his duty diligently and in good faith, will not be disturbed until the surplus is ready for distribution, we may and should concur in it as a general proposition. I think that, and no more than that, is meant by the opinion of the Federal court in *Riddle* v. *Whitehill* (135 U. S. 621) which is cited in support of a much broader doctrine. It holds that the right of action for an accounting does not arise at the date of the dissolution ; that it does not accrue at all while the liquidator is doing his duty without antagonism between the partners or cause for judicial interference ; and that when the right of action accrues and the statute begins to run " depends upon circumstances." I see no reason to doubt the accuracy of that doctrine, and am content to follow it as I have stated it.

We must, therefore, avoid the two extremes, which are that the statute begins to run at the date of the dissolution, and does not begin to run until the last item of partnership business is settled and closed : and determine when and how it may attach during the interval. The liquidator is bound to be diligent. He violates his duty when, without cause or reason, he prolongs the period of settlement. He is not at liberty, through negligence or purposely, to keep the retiring partner

or the representatives of one deceased out of their rights, or needlessly to postpone the ultimate distribution. If he does that equity may interfere, and, if no other measure will answer, may take the settlement into its own hands. I think, therefore, the right of action for an accounting accrues when the liquidator, under the circumstances of the particular case, has had a reasonable time within which to perform his duty, when it ought to have been fully completed, and when the liquidator is in fault if it is not. It cannot be and must not be that he may stretch the period of settlement at his will, and, leaving one or more debts unpaid, hold the assets in the peril of his continued solvency through long years, defying all equitable redress. I should be glad if it were possible to adopt some more definite rule than the one I have stated, but only specific legislation can give us that. Meantime, in each specific case, taking into consideration all the attendant circumstances, we must determine when the cause of action accrues.

In the present case that is not difficult. Ham's duty as liquidator was simple and easy. There were no complications to hinder or delay it. The goods could be sold, the accounts be collected and the debts be paid within two years from the date of the dissolution, which is a longer period than that allowed an executor or administrator before he becomes liable to account. Within that period the assets were in fact sold; the debts due to the firm presumably collected; its liabilities all paid except the note to Mrs. Ham; and that was due and should have been paid, and its further postponement was a negligent or intended violation of duty. I have not the least doubt that Gilmore's right of action for an accounting and a recovery of his share of the surplus accrued at that date, and could have been successfully maintained. Since almost twenty years elapsed from that date before the present action was commenced it is clear that the statute is a defense and has barred the right.

There are some answers to that conclusion which demand further consideration. One of them is founded upon the doctrine applicable to trusts that the statute does not run

upon them until they are openly repudiated by the trustee. Without pausing to consider the scope and limitations of that doctrine, it is enough for present purposes to repeat what I have already said, that the agency of the liquidator is not a direct trust, and the rule asserted applies only to such. In *Lammer* v. *Stoddard* (103 N. Y. 672) we described the doctrine as applicable against a trustee of an actual, express and subsisting trust, but held that where the trustee became such by implication or construction the statute ran from the date of the wrong which raised the implication. It may be added that even in the case of a direct trust the statute will begin to run when it ends, and the trustee has no longer a right to hold the fund or property as such, but is bound to pay it over or transfer it discharged from the trust.

A further answer is found in the suggestion that whatever may be the right of the retiring partner to sue for an accounting the liquidating partner cannot avail himself of the statute until he has completed the liquidation. The argument is that the law gives him a reasonable time; that if he takes more or is allowed to take more he, at least, cannot complain; and that the statute does not mean to reward his negligence nor punish the grace of his co-partner. The trouble about this argument seems to me two-fold. It disregards the mandate of the enactment which makes the date of the accruing of the cause of action the point of time from which the statute begins to run, and substitutes an entirely different and inconsistent date. We have no right to disregard the plain terms of the law, but must obey them as well as we can. And to the further idea that it was not intended to reward the negligence of the liquidator or enable him to take advantage of his own wrong, the obvious answer is that the doctrine would repeal the statute in every case. He who pleads the statute is always taking advantage of his own wrong in the sense that it is invariably his own default, his neglect or wrongful act, which originates a cause of action against himself and so sets the Statute of Limitations running. The law does not intend to reward one or punish the other, but goes upon a broad ground

of public policy which aims to end litigation within periods which are fair and just to both parties.   On the one hand the liquidator must act promptly and diligently and not seek to drag the settlement out through long years for his own convenience or in disregard of the rights of his co-partner; and on the other the latter must not sleep on his rights, and wait till books are lost, or vouchers mislaid, or witnesses dead, before seeking an accounting and payment.

While it would not displease us to compel this defendant to account, we must refuse to do so in obedience to the law.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed. _____