McNAUGHT, Respondent, v. MARVINE, Appellant. (Supreme Court, Appellate Division, Third Department. May 9, 1901.) Action by Robert McNaught against George E. Marvine. From a judgment in favor of plaintiff, defendant appeals. Affirmed. The Cheyenne Consolidated Mining Company was a corporation organized under the laws of this state, and held certain mining lands in Lawrence county, S. D. One A. C. Edgerton was its president, and a creditor to the extent of something over $21,000. This plaintiff and certain other persons were also its creditors, each in several different amounts. In December, 1881, each of such creditors assigned to Edgerton his debt against the company, and took from him a receipt of which the following is a copy, save that the name of the assigning creditor was written in the blank left herein: "In consideration of the assignment to me by —— of his claim against the Cheyenne Consolidated Mining Co., I do hereby agree to endeavor to collect the claim, and to settle with and pay over to said —— the amount really due him by said company. $——. N. Y., Dec. 16, 1881. Signed in the presence of Joseph W. Mitschke. A. C. Edgerton." There is no legitimate evidence of what the arrangement was between Edgerton and such creditors,

save what appears from such receipt. After such assignments, and on or about January 5, 1882, Edgerton, as the owner of all the claims, obtained in his own name a judgment against the company for the sum of $43,312.25, and in March, 1882, caused the said premises of the company, in Lawrence county, S. D., to be sold thereunder, and himself bid them off for the full sum of such judgment, and a certificate of such sale was by the sheriff of such county then issued to him. On the 12th of May, 1882, Edgerton died, having taken no further steps in the matter. Ann Eliza Edgerton, his widow, was sole executrix and devisee under his will, with power to sell and convey all the real estate left by him. By deeds dated May 3, 1884, and May 3, 1886, the sheriff of Lawrence county conveyed to her, as such devisee and as the holder of the certificate of sale issued to her husband, the property in question, which conveyance was duly recorded in that county. Such widow subsequently, on August 25, 1885, sold and conveyed a portion of such premises to this defendant, and by a further deed, on November 30, 1886, conveyed to him the remainder of such premises. There is no evidence whatever as to the value of the premises so conveyed to the defendant, except such as may be inferred from the said price bid for them by said Edgerton. The price paid for them by the defendant to Mrs. Edgerton was $1,500. In February, 1899, the several creditors who had taken receipts from Edgerton, having assigned their claims against him and this defendant to Robert McNaught, this plaintiff, this action was begun. It was tried at special term, and a judgment rendered against the defendant, decreeing that the plaintiff was the owner of an undivided $205/422$ of said premises, and that the defendant held the title thereto in trust for such plaintiff, and the defendant was thereby directed to immediately convey such undivided share to said plaintiff. From such judgment this appeal is taken. Wagner & Fisher (Edwin D. Wagner, of counsel), for appellant. George Putnam Smith, for respondent.

PER CURIAM. Affirmed with costs.

PARKER, P. J. I dissent from the conclusion of my Brethren, which affirms the judgment in this case, for the following reasons: Concede that Edgerton bid off the lands in question under circumstances which required him to hold them for the benefit of all those whose claims were included in the judgment, and that as to them his interest therein would be that of a trustee merely (a relation, however, which is by no means sustained by the contract between them and himself), nevertheless, upon his death before he took the title thereto, his duties as such a trustee did not devolve upon either his widow or his executrix. The law imposed no obligation upon her to go on and execute such a trust. At most, it was a right or equity which the court would impress upon the land, and itself execute, at the suit of a party interested; and it was a right which at once accrued as soon as Edgerton's death terminated his duties. When Mrs. Edgerton took the title from the sheriff absolutely in her own name, and subsequently conveyed to this defendant, neither she nor this defendant assumed the duties or the character of a trustee for these assignors, except so far as the law would imply such duties ex maleficio; and it is well settled that, as against the beneficiary of a trust so created, the statute of limitations begins to run from the time when the party became chargeable by such implication. Lammer v. Stoddard, 103 N. Y. 672, 9 N. E. 328; Price v. Mulford, 107 N. Y. 303, 308, 14 N. E. 298; Mills v. Mills, 115 N. Y. 80, 86, 21 N. E. 714; Gilmore v. Ham, 142 N. Y. 1, 10, 36 N. E. 826. There is not a particle of evidence to show that this defendant ever assumed any trust concerning any portion of these lands. Probably he knew of the arrangement which Edgerton had made with these creditors to endeavor to collect their debts, and that those debts had been included in the judgment under which the premises had been sold; but he never in any way acknowledged any trust in himself nor obligation to hold such lands for the others. He did not purchase them under any such suggestion or arrangement; nor was he called upon to repudiate any such arrangement or obligation. He merely purchased the lands from Mrs. Edgerton, and, beyond all doubt, he by her conveyance acquired the clear legal title to the same. Of this fact all the assignors at once had notice, and, if any one had then desired, he could have at once brought this action to impress his equities upon the land. Clearly, this defendant has never assumed to protect them, or in any manner to act for them therein; nor is there any averment in the complaint that he ever did, and there was no reason why there should be any delay in claiming the very relief they now ask. Manifestly, the plaintiff and his assignors have never had any lien upon these lands. If anything, it is an equitable interest arising out of the trust under which it is supposed Edgerton held them at the time of his death, to be impressed upon the lands by the aid of the court. Clearly, such interest or equity had arisen when Edgerton died, and this action is one in equity to enforce it. It was barred by the statute after the expiration of 10 years from the time it so accrued. Gilmore v. Ham, 142 N. Y. 1, 36 N. E. 826. I am of the opinion that the plaintiff's claim was barred by the statute, and that for such reason the judgment should be reversed.

CHASE, J., concurs.