MARY ANN FINNEGAN, Individually and as Administratrix, etc., of SAMUEL L. McGUFFOG, Deceased, and also as Administratrix, etc., of JOHN McGUFFOG, Deceased, and JAMES JARDINE, Individually and as Administrator, etc., of ELLA JARDINE, Deceased, Appellants, v. JESSIE McGUFFOG, Respondent.

*Limitation of action — equity — trust.*

Appeal from a judgment entered on the 14th day of July, 1909.

Judgment affirmed, with costs, on opinion in the court below. Present — Ingraham, P. J., McLaughlin, Laughlin, Scott and Dowling, JJ.

The following is the opinion of the court below:

BISCHOFF, J.: The defendant's assumption of control over the leasehold, by taking a renewal in her own name after the death of the prior lessee, whose pos-

session was affected by his own declaration of trust, sufficed to constitute her a trustee of the constructive trust. The cause of action in favor of the parties interested as beneficiaries, under the declaration of trust, accrued when the defendant took possession in the year 1868, or at the latest, in the year 1884, when she took the lease, but the trust itself, as originally declared, expired by its own limitation in the year 1876, when the event occurred upon which its duration was limited, the attainment of lawful age of the youngest child of John McGuffog. At that time the right to an accounting and to the possession of the leasehold arose in favor of the persons in whose favor the trust was declared, and whether a statutory limitation could or could not be asserted by the actual trustee, certainly the ten years' limitation, applicable to equitable actions, commenced to run in favor of the party charged as a constructive trustee simply through her having taken possession of trust property, either at the termination of the direct trust or at the time when possession was taken in apparent hostility to the trust. (*Lammer* v. *Stoddard*, 103 N. Y. 672 ; *Gilmore* v. *Ham*, 142 id. 1.) The complaint does not proceed upon allegations of actual fraud; hence the special limitation contained in subdivision 5 of section 382 of the Code of Civil Procedure has no bearing upon the case (see *Carr* v. *Thompson*, 87 N. Y. 160, 164), and it is apparent that in the aspect of the case most favorable to the plaintiffs, the cause of action accrued in the year 1884, when the renewal lease was taken, and was barred by the ten years' limitation. (*Gilmore* v. *Ham, supra*.) There must be judgment for the defendant, with costs.

---

United States Wood Preserving Company, Respondent, v. The City of New York, Appellant. (No. 2.) — Judgment and order affirmed, with costs. No opinion.

Jennie Sabath, Respondent, v. Interborough Rapid Transit Company, Appellant.— Judgment and order affirmed, with costs. No opinion.

Thomas A'Hearn, Appellant, v. Henrietta H. Watson and Mary A. Watson, as Administratrices, etc., of Ann R. Howard, Deceased, Respondents.— Judgment affirmed, with costs. No opinion.

Commercial Advertiser Association, Respondent, v. The City of New York, Appellant.— Judgment modified as stated in order, and as modified affirmed, with costs to respondent. No opinion.

Margaret Gillis, Respondent, v. The New York and North Shore Traction Company, Appellant. Patrick McGirr, Respondent, v. The New York and North Shore Traction Company, Appellant. Catherine McGirr, Respondent, v. The New York and North Shore Traction Company, Appellant.— Judgments affirmed, with costs. No opinion.

P. A. Willcox, Receiver of the Georgetown and Western Railroad Company, Substituted as Plaintiff in the Place and Stead of the Said Georgetown and Western Railroad Company, Appellant, v. Georgetown Dock and Terminal Company and Others, Respondents.— Judgment affirmed, with costs. No opinion.

Henry G. Grissler, Respondent, v. John H. Carl, Appellant.— Judgment and order affirmed, with costs. No opinion.