### OLMSTEAD v. DODD.

(Supreme Court, Appellate Division, Second Department. May 12, 1911.)

LIMITATION OF ACTIONS (§ 102*)—ACCRUAL OF RIGHT OF ACTION—ACCOUNTING BY TRUSTEE.

   Under a trust terminating on the creator's death, with provision for distribution of the residue then remaining among his daughters, right of action by one of the daughters against the trustee and his estate for an accounting accrued at such death; no fraud of the trustee appearing.

   [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 494–505; Dec. Dig. § 102.*]

Appeal from Trial Term, Suffolk County.

Action by Eliza S. Olmstead against Elizabeth F. Dodd, as Edward Dodd's executrix. From a judgment and orders in favor of defendant, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

R. Dulany Whiting, for appellant.
Louis Lowenstein, for respondent.

BURR, J. The vital question in this case is: When did plaintiff's cause of action accrue? On November 28, 1864, James E. Dodd by an instrument in writing conveyed to Edward Dodd all of his real and personal property in trust, to take possession of the same, collect the outstanding debts and demands due to him, and also the rents of his real property, with power "to sell and dispose of and grant and convey at his discretion all or any part of said real estate and convert the same into money." Out of the personal property, or the proceeds of the sale of said real estate, he was to pay all incumbrances upon the real estate conveyed and all the debts and liabilities of the grantor. He was then directed to invest the residue of the personal property and of the proceeds of the sale of said real property, and receive the interest and income thereof, and apply the same, together with the rents and profits of any real estate remaining unsold, to the support and maintenance of the said James E. Dodd and his family. Upon the decease of the said James E. Dodd the trust was to terminate, and it thereupon became the duty of the said Edward Dodd to "pay over,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

convey, and transfer the whole residue of said property remaining, after paying thereout the funeral and testamentary expenses" of said James E. Dodd, to such of his children, or their descendants, as he should, by his last will and testament, appoint, and, in default of such appointment, to his three daughters, of whom plaintiff was one.

James E. Dodd died November 18, 1865, without having executed the power of appointment reserved and contained in said deed of trust. Thereafter there was no longer a subsisting active trust, and plaintiff became entitled immediately to one-third of the residue of the property conveyed under said trust deed. Gilmore v. Ham, 142 N. Y. 1, 10, 36 N. E. 826, 40 Am. St. Rep. 554. It was then the duty of Edward Dodd to turn over the corpus of the trust fund to plaintiff and her sisters, and, upon his failure to do so, plaintiff could at once have maintained an action against him to compel such transfer and for an accounting. She failed to do this, and more than 20 years afterward, in the year 1908, Edward Dodd died, leaving a last will and testament, which named the defendant as the executor thereof. The said will was proved at a Surrogate's Court in Suffolk county, June 1, 1908, and letters testamentary thereunder were issued to defendant.

This action is brought to compel an accounting of the acts of defendant's testator relative to said trust estate. Plaintiff contends that it is one to procure a judgment other than for a sum of money on the ground of fraud, in a case, which on the 31st day of December, 1846, was cognizable by the Court of Chancery, and that in such case the statute did not begin to run until the discovery of the facts constituting the fraud. Code Civ. Proc. § 382, subd. 5. But the complaint alleges no fraud upon the part of defendant's testator. It alleges no representations on his part, or any conduct, calculated to or which in fact did influence the execution and delivery to him of the trust deed, or which influenced and controlled the acts of plaintiff to her hurt. Neither is this a case where he feloniously acquired possession of the property, and in this respect it is distinguishable from Lightfoot v. Davis, 198 N. Y. 261, 91 N. E. 582, 29 L. R. A. (N. S.) 119, principally relied upon by appellant. He lawfully received the property as trustee. His breach of duty, arose when, upon the expiration of the trust term, he failed to turn over one-third of the property to the plaintiff. The complaint alleges that, subsequent to the death of James E. Dodd, the said Edward Dodd sold certain of the real property conveyed by said trust deed, and received the proceeds thereof, and failed to pay over the same, and that she did not discover the fact of such sale until 1907. But the trust deed expressly authorized him to sell such property, if, indeed, it did not require him to do so. It may be that the power of sale fell with the expiration of the trust term at the death of James E. Dodd. It is not necessary for us to decide this question at the present time. If it survived, the proceeds of sale were substituted for the property sold; if it did not survive, it may be that this attempted sale was ineffective.

But plaintiff's cause of action does not arise out of the sale, but out of her right to receive the property which was the subject of the sale, and this right accrued at her father's death. There is no allega-

tion in the complaint that plaintiff was ignorant of the existence of the trust deed, or of its contents, and, if so, she was chargeable with knowledge of her rights thereunder. But, if she had been thus ignorant, in the absence of allegations in the complaint that through fraudulent conduct of the said Edward Dodd such knowledge was withheld from her, her ignorance would not suspend the running of the statute. Wood v. Young, 141 N. Y. 211, 36 N. E. 193.

The judgment and orders appealed from should be affirmed, with costs. All concur.