LIZZIE M. F. SPALLHOLZ, Appellant, *v.* MARK L. SHELDON, Individually and as Executor of JAMES C. FERGUSON, Deceased, Respondent.

Trustees — Statute of Limitations — action to recover excessive fees paid to testamentary trustee under void decrees of a surrogate — Statute of Limitations does not run in favor of trustee until after his discharge — when such action in absence of charges of fraud cannot be maintained.

1. While an express trust subsists and has not been openly renounced, the Statute of Limitations does not run in favor of a trustee, but after the trust relation is at an end, and the trustee has yielded the estate to a successor, the rule is different. The running of the statute then begins and only actual or intentional fraud will be effective to suspend it.

2. Defendant, as executor, made yearly accountings in the Surrogate's Court up to the time of his resignation, when, by direction of the surrogate, he transferred the estate to the general guardians of the plaintiff, then an infant, and was discharged from all liability and duty on account of the estate. More than seventeen years after the first accounting and more than ten years after the last one, this action was brought to vacate the decrees of the surrogate and reclaim excessive payments for commissions, costs and allowances. *Held*, that this is not an action on the ground of fraud within the meaning of the statute (Code Civ. Pro. § 382); that there was no fraud in the procurement of the decrees, even if void because beyond the jurisdiction of the surrogate, nor in the retention of the excessive payments under the decrees, and, hence, whether the period of limitation be six or ten years, the cause of action is barred.

*Spallholz* v. *Sheldon*, 158 App. Div. 367, affirmed.

(Argued October 12, 1915; decided November 16, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered October 9, 1913, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Robert E. Whalen* for appellant.    The evidence establishes constructive fraud on defendant's part.   (23 Cyc. of Law & Pro. 1022; *Warren* v. *Union Bank*, 157 N. Y. 259; Pom. Eq. Juris. [3d ed.] § 956; *Butler* v. *Prentiss*, 158 N. Y. 49; *Smith* v. *Howlett*, 29 App. Div. 182; *Rosevear* v. *Sullivan*, 47 App. Div. 421; *Fisher* v. *Bishop*, 108 N. Y. 25; *Sheehan* v. *Erbe*, 77 App. Div. 176.)   This action is not barred by the Statute of Limitations.   (*Bosley* v. *Nat. Machine Co.*, 123 N. Y. 550; *Yeoman* v. *Townshend*, 74 Hun, 625; *Smith* v. *Hamilton*, 43 App. Div. 17; *Lammer* v. *Stoddard*, 103 N. Y. 672; *Price* v. *Mulford*, 107 N. Y. 309; *Finnegan* v. *McGuffog*, 139 App. Div. 899; 203 N. Y. 342; *Seitz* v. *Seitz*, 59 App. Div. 150; *Ulman* v. *Eq. L. Assur. Society*, 161 App. Div. 708.)

*William J. Roche* and *James Gibson, Jr.*, for respondent.    The Statute of Limitations has run against the alleged cause of action.   (*O'Donohue* v. *Smith*, 130 App. Div. 214; *Gilmore* v. *Ham*, 142 N. Y. 1; *Costello* v. *Costello*, 152 App. Div. 280; *Hyland* v. *N. Y. C. & H. R. R. R. Co.*, 24 App. Div. 417; *Preusse* v. *Childwood, etc., Co.*, 134 App. Div. 383; *Matter of Hawley*, 100 N. Y. 206; *Laufer* v. *Sayles*, 5 App. Div. 582; *Miller* v. *Wood*, 41 Hun, 600; 116 N. Y. 351; *Badger* v. *Badger*, 2 Wall. 95; *Bartine* v. *Varian*, 1 Edw. Ch. 343; *Erickson* v. *Quinn*, 3 Lans. 299; *Mayne* v. *Griswold*, 3 Sandf. 363; *Smith* v. *Nelson*, 62 N. Y. 288.)   The fact that an administrator illegally procured an allowance in his favor is not a ground for equitable relief if he committed no fraud. (*Jones* v. *Brinker*, 20 Mo. 87; *Whittlesey* v. *Dorset*, 23 Mo. 336; *Ingraham* v. *International Salt Co.*, 114 App. Div. 791; *Finnegan* v. *McGuffog*, 203 N. Y. 342; *Smith* v. *Hamilton*, 43 App. Div. 17; *Yeoman* v. *Townsend*, 74

Hun, 625; *Hart* v. *Goadby*, 72 Misc. Rep. 232; *Cahill* v. *Seitz*, 93 App. Div. 105; *Olmstead* v. *Dodd*, 144 App. Div. 809.)

CARDOZO, J.  James C. Ferguson, who died in 1891, made his daughter, the plaintiff, the owner of his residuary estate, and appointed the defendant executor of his will.  The defendant made yearly accountings in the Surrogate's Court until 1899.  In that year he resigned; the surrogate directed him to transfer the estate to the general guardians of the plaintiff, then an infant, and to administrators with the will annexed; and in March, 1899, upon proof that this transfer had been made, he was "discharged of and from all liability and duty on account of said estate."  In 1906 the plaintiff became of of age.  She learned in March, 1909, that excessive commissions, costs and allowances had been awarded to the executor upon his yearly accountings.  The commissions had been computed at excessive rates.  The costs which in the absence of a contest should have been limited to twenty-five dollars (Code Civ. Pro. § 2561, now § 2746) had been fixed at sums varying from fifty to sixty dollars.  In some instances there was an additional allowance of a hundred dollars for the care and management of the investments of the estate.  There were no trusts in the will, but the defendant seems to have acted as a trustee.  He took charge, it is said, of the farm, and gave other services that had no relation to his duty as executor.  The excess of commissions amounted in all the years to $272.53; the excess of costs and allowances to $830.  The defendant, who is not a lawyer, made up his own accounts and asked the surrogate to fix his commissions and allowances.  He took what was awarded to him without suspicion of wrong.  The court has found that he "received the commissions and allowances thus made in good faith;" that he received them with the knowledge and consent of the general guardians, who were his suc-

cessors in the trust; and that "there is no proof of any wrongful intent or dishonest purpose." Indeed, there was an express disavowal by the plaintiff's counsel of any claim of actual fraud. In June, 1909, more than seventeen years after the first accounting and more than ten years after the last one, the plaintiff brought this action to vacate the decrees of the surrogate and reclaim the excessive payments.

We think the action is barred by the Statute of Limitations. The plaintiff insists that the action is one "to procure a judgment, other than for a sum of money, on the ground of fraud, in a case which on the thirty-first day of December, 1846, was cognizable by the Court of Chancery," and hence that the cause of action is not deemed to have accrued until the discovery by the plaintiff of the facts constituting the fraud (Code Civ. Pro. § 382, subd. 5). This is not an action on the ground of fraud within the meaning of that section. The defendant acted in good faith; and if the decrees are void in respect of the illegal provisions, they are void, not because they were procured by fraud, but only for the reason and to the extent that they were beyond the surrogate's jurisdiction. We do not need to determine whether in such a situation the intervention of a court of equity is necessary to set the decrees aside. It is enough for our present purpose that if the power of equity is to be exerted, it is not the presence of a fraud that has called the power into play. That equitable relief is necessary does not of itself suspend the running of the statute. The ground of the relief is the decisive consideration (*Carr* v. *Thompson*, 87 N. Y. 160).

If there was no fraud in the *procurement* of the decrees, the question remains whether there was fraud in the *retention* of the excessive payments *under* the decrees. The defendant is no longer chargeable as the trustee of an express or subsisting trust. He ceased to be executor in 1899; his letters were revoked; and the estate was

transferred to his successors (Code Civ. Pro. § 2690, now § 2573). All this was done with the knowledge of the plaintiff. From that time the only trustees of a subsisting trust have been the general guardians and the administrators with the will annexed. While an express trust subsists and has not been openly renounced, the Statute of Limitations does not run in favor of the trustee (*Kane v. Bloodgood*, 7 Johns. Ch. 90; *Lammer v. Stoddard*, 103 N. Y. 672). But after the trust relation is at an end, and the trustee has yielded the estate to a successor, the rule is different (*Clarke v. Boorman's Exrs.*, 18 Wall. 493, 509; *Gilmore v. Ham*, 142 N. Y. 1, 10). The running of the statute then begins, and only actual or intentional fraud will be effective to suspend it (*Clarke v. Boorman's Exrs., supra; Olmstead v. Dodd*, 144 App. Div. 809, 810; *Finnegan v. McGuffog*, 139 App. Div. 899, 900; 203 N. Y. 342; *Glover v. Nat. Bank of Commerce*, 156 App. Div. 247, 256; *Carr v. Thompson*, 87 N. Y. 160). That the defendant was guilty of such fraud there is no claim. Whether the period of limitation be six or ten years, the cause of action has been barred.

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CUDDEBACK, SEABURY and POUND, JJ., concur.

Judgment affirmed.