In the Matter of the Estate of KATHARINE L. GRIFFIN, Deceased.

Surrogate's Court, New York County, March 7, 1939.

*Howard Campbell & Son*, for the petitioner.

*Sheffield & Betts*, for the executor.

FOLEY, S. Supplementing my original decision herein (170 Misc. 496), and without indication of the slightest doubt that the proceeding is barred by the Statute of Limitations, I hold that the representative of the deceased representative of the deceased representative of the estate may not be compelled to file an account under the provisions of section 257 of the Surrogate's Court Act. The terms of that section confine the right to require an accounting solely from an executor or administrator of the deceased executor and do not extend it to the more remote representative in the manner sought to be accomplished in the present application. The statute wisely restricts enforcement to the fiduciary of the deceased administrator, executor, guardian or trustee. To extend it by innumerable steps to more distant representatives would subject the estates of such persons to harassment and wholly unnecessary expenditure for counsel fees in resisting the application.

Upon the question of the bar of the Statute of Limitations, in addition to the authorities cited in my previous decision, *Lammer* v. *Stoddard* (103 N. Y. 672) supports the conclusion reached by the surrogate. It was there held that the statute began to run from the time that the trustee had " openly, to the knowledge of the beneficiary, renounced, disclaimed or repudiated the trust." The statute is operative from the time of disclosure to the beneficiary that the wrong had been committed. The surrogate specifically holds that the theft of the entire trust assets by one of the trustees initiated the running of the Statute of Limitations as against both trustees from the date when the beneficiary first learned of the diversion which constituted an open repudiation of the trust.

Order granting motion to dismiss proceeding signed.