NOVOREE MURDAUGH, Appellant, et al., Plaintiffs, v. QUEENS-NASSAU TRANSIT LINES, INC., et al., Respondents, et al., Defendants.— Motion for leave to appeal to the Court of Appeals denied.  Present — Johnston, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ.  [See *ante*, p. 826.]

■

BROOKS VANCE et al., Respondents, v. YONKERS CONTRACTING Co., INC., Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Johnston, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ. [See *ante*, p. 839.]

■

WALLY EWERT, Appellant, and HERMAN EWERT, Respondent, v. CITY OF NEW YORK, Respondent-Appellant.— Action by plaintiff wife to recover damages for personal injuries and by her husband for medical expenses and loss of services.  A verdict was returned in favor of plaintiff wife for $8,000 and for $1,800 for plaintiff husband.  Thereafter, defendant moved to set aside the verdict, which resulted in an order granting the motion insofar as the wife's verdict was concerned, unless she would stipulate to reduce the same to $3,500, and otherwise denying the motion.  The wife failed to stipulate and, accordingly, a judgment was entered in favor of plaintiff husband for $1,800 and granting a new trial as to the wife.  The wife has appealed from so much of the order and judgment as set aside the verdict in her favor, and defendant has appealed from the judgment in favor of the husband and from so much of the order as denied its motion to set aside the verdict in his favor.  Order and judgment unanimously affirmed, without costs, unless plaintiff wife stipulate, within ten days after the entry of an order hereon, to reduce the verdict in her favor to the sum of $3,500, in which event the judgment will be modified so as to provide for recovery of that amount in favor of said plaintiff.  No opinion.  Present — Nolan, P. J., Carswell, Adel, Wenzel and Schmidt, JJ.

■

RUBEN GELLER et al., Appellants, v. LOUIS SCHULMAN, Respondent.— In this action the complaint purports to contain two causes of action, one to recover for money had and received and the other to compel specific performance of a contract relating to real property or to impress a trust on such property. Order dismissing the first cause of action for insufficiency, with leave to plead over, and dismissing the second cause of action pursuant to rule 107 of the Rules of Civil Practice (Statute of Limitations), affirmed, with $10 costs and disbursements.  No opinion.  Nolan, P. J., Carswell, Adel, Wenzel and Schmidt, JJ., concur.