HELEN SCHEUER, Plaintiff, *v.* CLEMENS SCHEUER, Defendant.

Supreme Court, Special Term, Queens County, October 30, 1953.

*Nathaniel H. Brower* for plaintiff.

*Milton Solomon* for defendant.

CONROY, J. By this action, the plaintiff seeks to have a trust imposed upon a house, title to which is in the defendant, her husband. It is her contention that some time in June, 1938, at the request of the defendant, the plaintiff turned over to him the sum of $6,000, which she had borrowed from her parents in order to facilitate the purchase of the house in question. This was done, she says, with the oral understanding that title would be taken in both their names. On or about October 4, 1938, the purchase was made, but title was taken in the name of the defendant. Shortly thereafter the plaintiff learned that her name did not appear on the deed, and that the property was solely in the name of the defendant. She claims to have made repeated demands that title to the property be changed to both their names, but that the defendant refused to do so. In 1951, after marital difficulties arose between the parties, this action was commenced. The defendant denies the contentions of the plaintiff and insists that the conversation claimed by her never occurred nor that she ever gave him any money toward the purchase.

The defendant claims the ten-year Statute of Limitations (Civ. Prac. Act, § 53) to be a complete bar to this action. With this contention, the court is forced to agree. The language contained in *Geller* v. *Schulman* (110 N. Y. S. 2d 862, 865, affd. 115 N. Y. S. 2d 824) seems to be conclusive of the situation at issue here. There the court stated: " It is well settled that where, as here, an action is instituted against a trustee ex maleficio or by implication, or construction of law, the statute begins to run from the time the wrong was committed by which the party became chargeable in equity as trustee. Lammer v. Stoddard, 103 N. Y. 672, 9 N. E. 328. In the case at bar, the breach of the alleged trust relationship occurred at the time of the purchase of the real property in such form as to create a tenancy by the entirety, namely, on October 30, 1933. It was then that the defendant committed the alleged wrong and the statute began to run from that very time." In the instant case, the Statute of Limitations began to run on October 4, 1938, when the purchase was made, and expired ten years thereafter.

The complaint is dismissed. Submit judgment.