HELEN SCHEUER, Appellant, v. CLEMENS SCHEUER, Respondent.— In an action to impress a trust on real property, allegedly purchased partly with funds furnished by plaintiff, judgment was rendered in favor of defendant after trial on the ground that the ten-year Statute of Limitations period commenced to run when title was taken in the sole name of the defendant, and that the action is barred by the statute. Plaintiff contends that defendant by his conduct is estopped from invoking the protection of the Statute of Limitations. Judgment affirmed, without costs. No opinion. Adel, Schmidt and Murphy, JJ., concur. Nolan, P. J., and Wenzel, J., dissent and vote to reverse and to remit the action to the Special Term, so that there may be a statement of the essential facts found as required by the provisions of section 440 of the Civil Practice Act. There was evidence on the trial which, if credited, would support findings that plaintiff advanced to defendant, her husband, $6,000, to be used in the purchase of real property, and that it was agreed that title should be taken in the names of both plaintiff and defendant; that defendant purchased the property, using such funds and took title in his name only; that when plaintiff discovered this fact she was induced to withhold action by assurances by her husband that he had been advised by his attorney to take title in his own name for business reasons; that defendant urged plaintiff to trust him, because he was her husband, and promised when things should get better to execute a proper deed; that she relied on his promises, and was induced by them and the confidential relationship which existed, not to press her legal claim until it was outlawed; and that upwards of ten years after the purchase of the property, defendant repudiated his promises. Defendant denied that plaintiff had advanced money which was used in the purchase of the property, or that he had made any promise to convey an interest therein to his wife. At Special Term it was held, without deciding the disputed issues of fact, that plaintiff's action was barred by the Statute of Limitations (Civ. Prac. Act, § 53). In our opinion, until the facts are stated, it may not be decided whether defendant is estopped to assert the defense of the Statute of Limitations, or whether the statute commenced to run prior to the alleged repudiation by defendant of his promise to convey to plaintiff her interest in the property. (Cf. *Wood* v. *Rabe,* 96 N. Y. 414; *Goldsmith* v. *Goldsmith,* 145 N. Y. 313; *Sinclair* v. *Purdy,* 235 N. Y. 245, and *Van Dyne* v. *Nelson,* 230 App. Div. 577.) [204 Misc. 968.]