Henry A. Hudson, J.
The above-entitled action was instituted by the plaintiff against his wife on May 10,1957. The defendant appeared in the action and interposed an answer setting up among other things the affirmative defense of the Statute of Limitations.
At the time this action was commenced there was pending in the Supreme Court, Onondaga County an action brought by the defendant herein against the plaintiff for separation. Such action had come on for trial before this court on April 9, 1957. A substantial portion of that day was devoted to the presentation of the plaintiff’s evidence at the close of which the court granted a postponement to permit the plaintiff to file an amended complaint and a serious attempt was made by the court to work out a reconciliation of the parties who have two children, a girl 9 and a boy 19 years of age. The boy, a sophomore at Syracuse University at the time of the trial, appeared as a witness and testified in behalf of his mother. The defendant in the separation action was present in court with his attorney and indicated to the court a desire that a reconciliation be effected and substantial directions were made by the court as to the manner in which visitation should be permitted to and exercised by the defendant. Nothing further has been done by either of the parties with a view toward the completion of the trial of the separation action. The present 'action was instituted, as above stated, one month after the taking of testimony in the separation action, Mention is made of the above not because it is material to a determination of the motion which is presently before the court in the above-entitled action but rather as background to show that the present litigation is a portion of an existing controversy between the parties which was in litigation before the present action was instituted.
*1067 The present action was instituted by the plaintiff husband to obtain a direction to the defendant wife to convey to the plaintiff the home of the parties which presently and in fact since August 2, 1940 has stood in the maiden name of the defendant wife. Ever since the house on the premises was completed some time in 1943, the same has been occupied by the parties as their home and it is presently being occupied by the defendant wife and the children of the parties as their home.
The defendant wife has moved for summary judgment pursuant to rule 113 of the Rules of Civil Practice upon the ground that the affirmative defense of the Statute of Limitations set forth in her answer is founded upon facts established, prima facie, by documentary evidence or official record, namely, the deed of the premises which has been on record in the Onondaga County Clerk’s office since September 27, 1940, it being her contention that the 10-year Statute of Limitations is applicable.
The plaintiff in his complaint alleges that prior to August 2, 1940 the defendant misapplied certain funds of the plaintiff and purchased therewith the real property in question in her maiden name, taking such title without the consent or knowledge of the plaintiff; that the plaintiff has since constructed a house upon the premises; that the plaintiff recently discovered that the defendant had taken title in her name and although plaintiff had demanded conveyance of the property, same had been refused.
The defendant, in addition to a general denial, has set up the affirmative defense of the Statute of Limitations. In support of her motion for summary judgment, the defendant has served an affidavit in detail setting forth that at the time the premises were purchased by her in August, 1940, she had paid therefor $100 of her own money in July and $90 of her own money in August, that being the total consideration paid, the premises being at that time in the form of a vacant lot; that she took title to the premises in her own name for the protection of herself and a child of the marriage due to marital difficulties then existing. She asserted that at the time of such purchase she was working and supplying practically the entire source of support for herself and her child, her husband being employed at considerable distances from Syracuse and furnishing her little if any money for the support of the home and family. She further asserts in her affidavit that she herself, with the aid of workmen hired by her at her own expense, proceeded for a period of three years to construct a small home on the premises. She further asserts that practically all of the expense of the building of the home was paid for by her with money earned by her. The facts and circumstances contained in the defendant’s affidavit conform *1068 substantially to the testimony given by her in the separation action. "While again this may not be material to a determination of this motion and is not being considered by the court for that purpose, it is nevertheless important, when compared with the complete lack of any statement of facts from the plaintiff.
The plaintiff failed to file any answering affidavit upon the motion electing to rely entirely upon the allegations of the complaint and the statements of his counsel in the brief filed in his behalf. His counsel in the brief stated that the complaint was a verified complaint. The two copies of the complaint furnished to the court with the moving papers do not indicate that it is a verified complaint but the court will assume for the purposes of this motion that it was verified. The complaint contains nothing but mere conclusory statements both in respect to the alleged misapplication of funds by the defendant, the construction of the house by the plaintiff and the alleged recent discovery by the plaintiff that title was not in his name and does not in my opinion justify or support the contention of the plaintiff that there is a sharp question of fact which must be determined upon a trial, namely, whether the plaintiff’s or the defendant’s version is the true one. If there are facts upon which the plaintiff can rely to establish his cause of action, it would be a very simple thing for him to submit them to the court in the form of an affidavit. This is particularly important with respect to the bald statement in the complaint that the plaintiff ‘£ has recently discovered that defendant has taken title in her own name.”
The defendant is not relying, however, upon the lack of proof by affidavit on the part of the plaintiff of the facts supporting his allegations of misapplication of funds and fraud but stands upon the affirmative defense set forth in her answer that the plaintiff’s claim is barred by the Statute of Limitations. She urges that the recording of the deed by her in September, 1940 was constructive notice to the plaintiff and to the world that title to the premises was in the defendant.
In Matter of Goodell (69 N. Y. S. 2d. 38, 40-41), the court stated: ££ The recording of an instrument as provided by law constitutes notice, constructive if not actual. The existence of the water easement in this case was a matter of record in the County Clerk’s Office. That constitutes at least constructive notice to the claimants and is a bar to their claim herein.”
I am of the opinion that the recording of the deed by defendant constituted notice, at least constructive notice to the plaintiff of the status of the title of the property. In the face of his *1069 complete failure to present any facts to overcome the existence of this constructive notice or from which the court could reasonably infer that he did not have notice that title of the premises was in his wife’s name, I believe he must be held to have had notice since the recording of the deed. The 10-year Statute of Limitations, therefore, applies as nearly 17 years had elapsed from the recording of the deed to the date of the commencement of the action.
The defendant has further urged that the fraud relied upon by the plaintiff, being based upon a clear breach of an alleged trust relationship which was violated in its inception by the placing of the title in the name of the defendant rather than the plaintiff, fixes the date of the commitment of any wrong as of August or September, 1940. Consequently the date from which the Statute of Limitations would begin to run, regardless of notice to the plaintiff, would be August or September, 1940 and his cause of action would therefore be barred under the 10-year Statute of Limitations. I am inclined to agree with the defendant’s contention in this respect also.
If there was a fraudulent act on the part of the defendant, it occurred at the time title was taken contrary to the alleged direction of the plaintiff. Title was misappropriated at the time of the acquisition of the property. This was in August or September, 1940 nearly 17 years before the commencement of the action. (Scheuer v. Scheuer, 204 Misc. 968, affd. 283 App. Div. 1118, affd. 308 N. Y. 447; Geller v. Schulman, 110 N. Y. S. 2d 862, affd. 280 App. Div. 933; Lammer v. Stoddard, 103 N. Y. 672.)
The defendant’s motion under rule 113 of the Rules of Civil Practice is based upon that portion of the rule which reads as follows: “ When an answer is served in any action, whether or not of the character specified above, setting forth a defense which is sufficient as a matter of law, where the defense is founded upon facts established prima facie by documentary evidence or official record, the complaint may be dismissed on motion unless the plaintiff by affidavit, or other proof, shall show such facts as may be deemed by the judge hearing the motion, sufficient to raise an issue with respect to the verity and conclusiveness of such documentary evidence or official record.”
I believe that the affirmative defense of the Statute of Limitations is a complete defense to the plaintiff’s cause of action; that the defendant is entitled to a judgment dismissing the plaintiff’s complaint upon the merits, with $10 costs.
Order accordingly.