Chief Judge Desmond (concurring).
I vote to affirm.
I agree with Judge Burke that the applicable time limitation is ten years ('Civ. Prac. Act, § 53). I agree with the Appellate Division majority that, since this is a proceeding against trustees for a compulsory accounting of their trust, no time, limitation begins to run until repudiation of the trust (4 Bogert, Trusts and Trustees, pt. 2, § 952; 3 Scott, Trusts, § 409; Mabie v. Bailey, 95 N. Y. 206; Douglas v. Phenix Ins. Co., 138 N. Y. 209; *151 Lammer v. Stoddard, 103 N. Y. 672, 673; Gilmore v. Ham, 142 N. Y. 1, 10; Yeoman v. Townshend, 74 .Hun 625, 627). This settled rule applies to all sorts of trusts (Devoe v. Lutz, 133 App. Div. 356, 358, 359, and cases cited). Directors of a corporation in dissolution are truly and actually, not figuratively or by analogy, trustees for the owners of the corporation stock (General Corporation Law, § 29; Heath v. Barmore, 50 N. Y. 302; Sturges v. Vanderbilt, 73 N. Y. 384; Cunningham v. Glauber, 133 App. Div. 10,12).
Therefore, section 106 of the Stock Corporation Law is, so far as applicable here, a simple provision setting up a proceeding whereby the cestuis may require their trustees to account, much like section 259 of the Surrogate’s Court Act. It is not a proceeding ex contractu or ex delictu, nor is it brought on behalf of the corporation. The inclusion in these petitions of charges of misapplication of the trust assets does not change the nature of the proceeding or bring it within subdivision 8 of section 48 of the Civil Practice Act. It would be quite remarkable if the Legislature, in giving the stockholders a device (General Corporation Law, § 106) for compelling their trustees to file an account, had produced a result where trustees who had secretly disposed of the assets six years before, would get complete immunity not only from liability but even from filing an account.